IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE GOODWIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>C. GILBERT, )<br>    Defendant. ) | Civil Action No. 7:16cv00336<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Andre Goodwin, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Lieutenant Gilbert denied him access to the grievance process and failed to prevent other correctional officers from calling Goodwin racial slurs and "other vulgar words," and from kicking and banging on Goodwin's door during security checks.[1] Upon review of his complaint, the court finds that Goodwin's allegations fail to state a claim against and, therefore, dismisses his claims against these defendants pursuant to 28 U.S.C. § 1915A(b)(1).

I. COMPLAINT

Goodwin alleges that on July 1, 2016, Lt. Gilbert refused to give him a grievance form. Goodwin states that he needed a grievance form to complain that various correctional officers had called him racial slurs and "other vulgar words," and kicked and banged on his door during security checks. Goodwin seeks to hold Lt. Gilbert responsible because he "failed to prevent" the officers from doing this. Goodwin alleges that Lt. Gilbert and the officers have caused him emotional distress, stress, and loss of sleep.

---

[1] The court notes that Goodwin also names Warden Barksdale as a defendant in the body of his amended complaint but not in the caption, as required by Rule 10 of the Federal Rule of Civil Procedure. However, even if the court were to consider Goodwin's complaint as against Warden Barksdale, he alleges no facts against or conduct committed by the warden. Accordingly, the court will dismiss Goodwin's complaint against Warden Barksdale without prejudice. *West v. Atkins*, 487 U.S. 42 (1988).

II. DISCUSSION

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must dismiss an action or claim filed by a prisoner against an employee of a governmental entity if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). In this case, Goodwin's allegations do not demonstrate the violation of any federal right; thus, the court will dismiss the complaint without prejudice for failure to state a claim.

**A. Grievance Forms**

To the extent Goodwin claims that Lt. Gilbert violated his federal rights by denying him a grievance form, his claim fails because an inmate has no constitutional or other federal legal right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The court notes that Goodwin does not allege that Lt. Gilbert denied him the grievance form as a means of retaliation. Accordingly, the court will dismiss this claim.

**B. Verbal Threats/Harassment**

To the extent Goodwin complains that officers verbally harassed him, his claim fails. Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Johnson v. Laham*, 9 F.3d

1543 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment of an inmate, even to an extent that it causes an inmate fear or emotional anxiety, does not constitute an invasion of any identified liberty interest. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); *Keyes v. City of Albany*, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Accordingly, the court will dismiss this claim.

**C. Supervisory Liability**

To the extent Goodwin seeks to hold Lt. Gilbert responsible for the acts of "his officers," the claim fails. For supervisory prison officials to be held liable under § 1983 for constitutional injuries inflicted by their subordinates, an inmate must state facts showing that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable" risk of constitutional injury; (2) the supervisor's response to this knowledge was so inadequate as to show "deliberate indifference top or tacit authorization" of the offensive practices; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Goodwin makes no such factual showing and cannot use labels and conclusions to build actionable claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Moreover, Goodwin has not demonstrated that his constitutional rights were violated by the actions of which he complains. There can be no supervisory liability under

3

§ 1983 without a viable constitutional claim at stake. Accordingly, the court will dismiss this claim.

### III. CONCLUSION

Finding that none of Goodwin's allegations state a violation of a federal right, the court will dismiss his complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

Entered: August 28, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge